UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

XEROX CORPORATION,

                              Plaintiff,

                    v.

DH MARKETING CONCEPTS, INC.,

                              Defendant.
_____

DECISION AND ORDER

18-CV-6038L

**INTRODUCTION**

Plaintiff Xerox Corporation ("Xerox") commenced this action alleging breach of contract against defendant DH Marketing Concepts, Inc. ("DH"). Xerox seeks a money judgment against DH for failure to pay monies due under an equipment finance lease, concerning a Xerox iGen4 Press and Xerox FreeFlow Core Software ("equipment").

On January 27, 2018, the Summons and Complaint were personally served upon DH's designated agent for service of process. (Dkt. #4). DH has failed to appear or to answer the complaint. An entry of default was entered by the Clerk on March 13, 2018. (Dkt. #6).

Xerox now moves for a default judgment pursuant to Fed. R. Civ. P. 55(b)(2), seeking judgment in the amount of $206,687.87 in damages, and a declaration that Xerox is the lawful owner of, and it entitled to immediately retake possession of, the equipment. (Dkt. #7.) For the reasons set forth below, that motion is granted.

**DISCUSSION**

In order to secure a default judgment, a party must first secure the clerk's entry of default by demonstrating, by affidavit or otherwise, that the opposing party is in default. *See* Fed. R. Civ. Proc. 55(a); *Amador v. Galbreath*, No. 10-CV-6702, 2008 U.S. Dist. LEXIS 39174 at *2 (W.D.N.Y. 2008). Once a default has been entered, the Court will accept as true the allegations of the complaint that establish the defendant's liability, and will carefully scrutinize those allegations relating to the amount of damages. *Id.*

As stated, the Clerk of the Court has entered DH's default and Xerox has shown that it is entitled to judgment against DH, based on DH's failure to respond to the complaint. But the Court cannot merely accept at face value Xerox's assertion that it is entitled to the particular relief it seeks. Rather, "judgment against a defaulting party should be granted only after careful examination of the moving party's claim by the district court. ... Indeed, a defendant's default does not in itself warrant a court in entering a default judgment because there must be a sufficient basis in the pleadings for the judgment entered." *Bianco v. Seaway Indus. Services, Inc.*, No. 03-CV-0084, 2004 WL 912916, at *1 (W.D.N.Y. Apr. 01, 2004) (internal citations and quotations omitted). The Court must therefore evaluate the merits of Xerox's claims and the relief it seeks. *See Wagstaff-el v. Carlton Press Co.*, 913 F.2d 56, 57 (2d Cir. 1990).

Having reviewed the allegations in the complaint, and the terms of the underlying finance lease agreement, I conclude that Xerox is entitled to the relief that it seeks. Xerox has presented evidence, which stands unrebutted, showing that the parties entered into the finance lease, and that DH stopped making payments under the lease. Under the terms of the lease, Xerox is entitled to the remaining amounts due under the lease, plus fees and expenses, as well as possession of the

equipment. In short, I am convinced that Xerox has established its claim that DH breached the agreement at issue, and that Xerox is entitled to default judgment for the relief sought. *See Nwagboli v. Teamwork Transp. Corp.*, No. 08 Civ. 4562, 2009 WL 4797777, at *5 (S.D.N.Y. Dec. 7, 2009) (breach of contract damages may be awarded without a hearing where the damages amount is "susceptible to mathematical computation").

## CONCLUSION

Plaintiff's motion for default judgment (Dkt. #7) is granted, and the Clerk of the Court is hereby ordered to: (1) enter a default judgment in plaintiff's favor in the amount of $206,687.87, recoverable from defendant DH Marketing Concepts, Inc.; and (2) enter a default judgment declaring that plaintiff Xerox Corporation is the lawful owner of and is entitled to immediately retake possession of Xerox iGen4 Press (Serial #PWB00818) and that defendant DH Marketing Concepts, Inc. has no license to use Xerox FreeFlow Core Software (Serial #WAD447404).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
May 22, 2018.